Richard LUCAS, et al.,
Plaintiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

Richard LUCAS, et al.,
Plaintiffs-Appellants
Cross-Appellees,

v.

UNITED STATES of America,
Defendant-Appellee
Cross-Appellant.

Nos. 84–1296, 84–1437.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1987.

Irene M. Solet, Robert S. Greenspan, Bruce G. Forrest, U.S. Dept. of Justice, Civil Div., Sandra Simon, Civil Rights Div., Appellate Staff, Dept. of Justice, Washington, D.C., for defendant-appellant.

Walter L. Boyaki, El Paso, Tex., for plaintiffs-appellees.

Walter L. Boyaki, El Paso, Tex., for plaintiffs-appellants cross-appellees.

Irene M. Solet, Appellate Staff, Helen M. Eversberg, U.S. Atty., El Paso, Tex., Robert S. Greenspan, Dept of Just., Civil Div., Bruce G. Forrest, Washington, D.C., for defendant-appellee cross-appellant.

Before POLITZ, HIGGINBOTHAM, and JONES, Circuit Judges.

BY THE COURT:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS PURSUANT TO RULE 114(a), TEXAS RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

The United States Court of Appeals for the Fifth Circuit having heretofore determined (807 F.2d 414 (1986)) that the above styled case in this Court involves a question of law of the State of Texas that is determinative of the cause, and that there appears to be no clear controlling precedent in the decisions of the Supreme Court of Texas, this Court, pursuant to Texas Rule of Appellate Procedure 114(a), hereby certifies the following question of law to the Supreme Court of Texas for instructions concerning said question, based on the facts recited herein.

I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Richard Lucas, et al.,* Plaintiffs-appellees/Cross-appellants, versus *United States of America,* Defendant-appellant/Cross-appellee, Nos. 84–1296 and 84–1437, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas.

II. FACTS

In October 1980, 14–month old Christopher Lucas was treated for a swollen neck and fever at William Beaumont Army Medical Center near El Paso, Texas. Pursuant to a doctor's orders, a nurse at the hospital administered an injection of 600,-000 units of Bicillin LA, a penicillin product manufactured and packaged by Wyeth Laboratories. The drug was injected directly into a blood vessel, causing a blockage of blood flow which resulted in permanent damage to certain nerves, rendering the child a paraplegic.

Christopher Lucas and his parents sued the United States under the Federal Tort Claims Act (FTCA). The complaint included separate claims by Christopher and by the parents. The United States filed a third party complaint against Wyeth Laboratories. The plaintiffs had filed a separate cause of action in the 205th District Court

in El Paso County, Texas, against Wyeth Laboratories. That case was settled for $400,000. Subsequently, on the first day of trial of the suit against the United States in United States District Court, the government moved over plaintiffs' objection for dismissal with prejudice of its third party cause of action against Wyeth Laboratories. That motion was granted.

After trial, the district court held that government medical personnel had negligently administered the injection to Christopher Lucas. In addition, the court found that the package insert which accompanied the drug from Wyeth Laboratories was inadequate but concluded that since the third party action against Wyeth had been dismissed prior to trial, it was unnecessary to discuss Wyeth's negligence further.

The district court awarded the plaintiff parents $498,623.72 as the present value of the past and future medical expenses they face in caring for Christopher until his majority. The court also awarded to Christopher $350,000 as the present value of the future medical expenses he will incur after his eighteenth birthday, and $600,000 as the present value of the impairment of his future earning capacity. Finally, the court awarded Christopher $1.5 million for pain and suffering. The court made no findings concerning the parents' claims for their own mental anguish and loss of companionship. The district court reduced the total award of damages against the United States by the $400,000 paid by Wyeth Laboratories to the Lucases in settlement of the state court suit. The court refused to apply Tex.Rev.Civ.Stat.Ann. art. 4590i § 11.02 (Vernon Supp.1986) to limit the nonmedical damages, stating that the provision does not apply to hospitals operated by the United States because the statutory definitions of "health care provider" and "hospital" do not include federally operated institutions.

On appeal, we held that § 11.02 liability limit applies to a federally operated hospital under the Federal Tort Claims Act because the FTCA assures the federal government the same treatment as private parties in Texas. We also found that there was "no controlling precedent in the decisions of the Supreme Court of Texas" (Tex. R.App.P. 114(a)) on the question of whether § 11.02 is constitutional under the Texas Constitution, and that none of the decisions of the Texas Court of Civil Appeals was controlling. In addition, we held that the damage cap in § 11.02 is consistent with the due process and equal protection clauses of the fourteenth amendment of the United States Constitution. Although we also found that the district court had erroneously failed to consider the parents' claims for mental anguish and loss of companionship, we held that remand for consideration of those claims would be necessary only if the damage cap is not sustained under the Texas Constitution, or if the damage cap is applied to limit the recovery of each claimant rather than the liability of each defendant.[1]

### III. QUESTION FOR THE SUPREME COURT OF TEXAS

Whether the limitation on medical malpractice damages in Tex.Rev.Civ.Stat.Ann. art. 4590i §§ 11.02 and 11.03 [2] (Vernon Supp.1986) is consistent with the Texas Constitution, and if so, whether it applies to limit the liability of each defendant rather than the recovery of each claimant.

QUESTION CERTIFIED

---

1. See 807 F.2d at 414 n. 1.

2. § 11.03 is the alternative damages limitation which becomes effective if § 11.02 is stricken or invalidated by non-legislative means. It restricts recovery for noneconomic losses in an action on a health care liability claim to $150,000.